UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JACOB KOBER, *et al.*,<br><br>    Plaintiffs,<br><br>    v.<br><br>CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATIONS, *et al.*,<br><br>    Defendants. | Case No. 1:25-cv-01011-CDB<br><br>ORDER TO SHOW CAUSE WHY SANCTIONS SHOULD NOT BE IMPOSED FOR PLAINTIFFS' FAILURE TO COMPLY WITH THE COURT'S ORDERS AND FED. R. CIV. P. 4(m)<br><br>**<u>5-Day Deadline</u>** |

Plaintiffs Jacob Kober, through successor in interest Sandra Janine Butler, and Sandra Janine Butler individually ("Plaintiffs"), initiated this action with the filing of a complaint on August 13, 2025, against Defendants California Department of Corrections and Rehabilitations ("CDCR"), Kern Valley State Prison ("KVSP"), Christian Pfeiffer, and Matthew Perez.  (Doc. 1). That same day, the Court entered an order setting a mandatory scheduling conference.  (Doc. 3). The Court's order directed Plaintiffs to "diligently pursue service of summons and complaint" and "promptly file proofs of service."  (Doc. 3 at 1).  The order further advised Plaintiffs that failure to timely complete service "may result in the imposition of sanctions, including the dismissal of unserved defendants."  *Id*.

To date, it has been more than 90 days since Plaintiffs filed their complaint and Plaintiffs have not filed proof of service nor any report setting forth an explanation for the failure to serve

Defendant Matthew Perez.

Local Rule 110 provides that "[f]ailure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions…within the inherent power of the Court."  The Court has the inherent power to control its docket and may, in the exercise of that power, impose sanctions where appropriate, including dismissal of the action.  *Bautista v. Los Angeles County*, 216 F.3d 837, 841 (9th Cir. 2000).

In addition, Rule 4(m) of the Federal Rules of Civil Procedure provides: "If a defendant is not served within 90 days after the complaint is filed, the court - on motion or on its own after notice to the plaintiff - must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m).  Absent a showing of good cause, failure to comply with Rule 4(m) requires dismissal of any unserved defendant.

**Conclusion and Order**

Based on the foregoing, IT IS HEREBY ORDERED that, within five (5) days of entry of this order, Plaintiffs SHALL show cause in writing why sanctions should not be imposed – including dismissal of Defendant Perez – for Plaintiffs' failure to serve the summons and complaint in a timely manner under the Court's orders and Rule 4(m).

Any failure by Plaintiffs to timely comply with this order will result in a recommendation that Defendant Perez be dismissed.

IT IS SO ORDERED.

Dated:   **December 4, 2025**

UNITED STATES MAGISTRATE JUDGE